```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PATRICE M. PRIOLA, ET AL.                CIVIL ACTION

VERSUS                                   NO: 06-5680

AMERICAN SOUTHERN HOME                   SECTION: J(4)
INSURANCE COMPANY, ET AL.
```

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 9.) In response to the motion, plaintiffs have challenged the subject matter jurisdiction of this Court. For the following reasons, the Court finds that this matter must be REMANDED.

### BACKGROUND

Katrina damaged three of plaintiffs' rental properties. The properties are insured by defendant, American Southern Home Insurance Company ("American Southern"). Two of the properties were flooded and one was not. Plaintiffs agree that flood damage is not covered by their insurance policies, but filed suit in state court arguing that the wind damage is covered by the policies, or that wind damage coverage should have been procured for them. American Southern removed the case from state court based on diversity.

Plaintiffs are Louisiana citizens. All defendants are foreign to Louisiana, so diversity of citizenship is established. American Southern filed a Motion For Summary Judgment seeking a ruling on the applicability of a wind exclusion endorsements

attached to the policy. Plaintiffs opposed the motion by arguing that the exclusions do not apply, but also by arguing that the Court does not have jurisdiction because the jurisdictional amount is not met. Defendant and Plaintiffs each filed replies briefing jurisdiction further.

## LEGAL STANDARD

This Court has original jurisdiction over disputes between citizens of different states when the amount in controversy is greater than $75,000. 28 U.S.C. § 1332(a). Defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). When the amount of damages is not specified in the petition, Defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. *De Aguilar*, 47 F.3d at 1412. Alternatively defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. *Id.* Defendant must do more than point to a state law that might allow Plaintiffs to recover more than they pled. *Id.* The removal statutes should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

**DISCUSSION**

American Southern has failed to meet its burden of establishing jurisdiction. It refers to the face of the complaint in the notice of removal, but there is nothing on the face of the complaint to indicate the value of the wind damage claims. American Southern provides the Court with a tally of potential claims: $20,000 for one property, $891.78 for another, and $89,000 for a third. The first two numbers are based on Plaintiffs' allegations and documentation. The third number, however, is derived from the policy limit minus the deductible.

American Southern is required come forward with facts to establish the amount claimed by a preponderance. The policy limit is a poor measure of wind damages for this property where the apparent cause of damage, according to American Southern's adjuster, was flood water up to the ceiling. The Court has nothing before it to indicate the amount of wind damage except American Southern's own adjuster's recommendation to reserve $10,000 for claims other than flood damage. Using this more realistic number, rather than the policy limit, it appears that the damages claimed for all three properties add up to around $31,000, an insufficient amount to support federal jurisdiction.

**CONCLUSION**

The Court's allusion to $31,000 claimed as damages is in no way meant to express a belief that plaintiffs should recover

3

those damages. The Court simply finds that it lacks jurisdiction to decide this matter.

Accordingly,

**IT IS ORDERED** that the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana this the 21st day of February, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE